Ruffin, C. J.
An execution upon a dormant judgment is not void. It is only irregular; and that is an objection to be taken by the defendant in the execution. It does not lie Avith the sheriff to raise it. The process justifies him, and therefore he is obliged to serve'it. The case of Dawson V. Shepperd, 4 Dev. 497, is in point.
The duty of the officer, as to the mode of sale, was correctly stated to the jury, as the counsel for the defendant admits. But he insists, that the Judge erred in undertaking to assume, as a fact, that the articles sold for less, when put up together, than they would, if offered ' separately. The Court would concur readily in that position, if that point of fact had been disputed on the trial, and the Judge had undertaken to decide it, instead of submitting it as an enquiry for the jury. But it is obvious, that was not the case. The very low price, being but little, if any, more than the value of a good waggon, prevented the defendant from contending before the jury, that more would not have been got, if more competition bad been admitted by putting up the articles separately. Therefore, instead of doing that, he took another position: which was, that some of the creditors selected that mode of sale, and that was sufficient for his justification. So it was, as to those creditors who directed it. But it was not, as to those creditors who were absent, and who suffered prejudice by that manner of selling ; and of the *391 latter class was the relator. But, plainly, that defence yielded, that a different mode of selling might or would have brought a better price, especially as the defendant gave no evidence to the contrary, nor insisted thereon in argument. Although it would have been erroneous not to have left that point to the jury, if it had been asked, or if the defence had not imported, that the defendant did not dispute the matter of fact; yet it is not error in the Judge to have assumed as true, what the defence itself, thus either expressly yielded, or was what plainly to be inferred from it. The objection was not taken at the trial and fairly presented to the Court, but is a mere after-thought and catch at the Judge’s words, taken abstractly and without reference to the state of the case in which he used them, and as such it cannot be sustained. As no question was made upon the amount of damages, we take it for granted, they were assessed upon the principle of allowing the relator what he would have received, if the sale had been properly conducted, and after satisfying the prior executions: for he was entitled to no more.
Per Curiam. Judgment affirmed.